THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE BOARD OF EDUCATION OF THE CITY OF HUDSON, Respondent, v. HENRY W. DAKIN, the City Treasurer of the City of Hudson, Appellant.

*Direction to raise a specified amount by the sale of city bonds — when a premium realized on the sale belongs to the city and not to the fund entitled to the principal.*

Section 1 of chapter 298 of 1883 directs that "it shall be the duty of the common council of the city of Hudson to borrow, upon the credit of said city, such sum of money, *not exceeding twenty-five thousand dollars*, as the board of education of said city shall certify to said common council to be necessary" to erect a school-house. Pursuant to a certificate made by the board of education stating that "the proceeds of the bonds of the city of Hudson, of the par value of twenty-five thousand dollars," would be necessary and be required by the board for the purpose of erecting such building, the common council passed a resolution directing that bonds of the city in the amount of $25,000, bearing five per cent interest, be sold. Upon the sale of the bonds, of the par value of $25,000, a premium of $2,802.50 was realized.

*Held*, that this premium belonged to the city, and that the board of education was not entitled to have the entire "proceeds of the bonds" paid over to it as required by its certificate.

Appeal from an order made at Special Term, on the 29th day of October, 1886, and entered in Columbia county directing the

·PEOPLE ex rel. BD. OF EDUCATION v. DAKIN.    383

Third Department, February Term, 1887.

issue of a peremptory *mandamus* commanding the defendant to place the proceeds of the sale of certain bonds issued under an act of the legislature, together with the premium realized on such sale, to the credit of the plaintiff.

The board of education, the relator in this proceeding, was organized under and by virtue of chapter 55 of the Laws of 1881. The statute under which this controversy arises is chapter 298 of the Laws of 1886, entitled, "An act to provide for borrowing money upon the credit of the city of Hudson, to erect a public school building in said city, and procure site therefor." Section 1 of this act reads as follows :

Section 1. It shall be the duty of the common council of the city of Hudson to borrow upon the credit of said city such sum of money, not exceeding twenty-five thousand dollars, as the board of education of said city shall certify to said common council to be necessary therefor, to erect a public school building in said city, procure the proper site therefor, and furnish such building, upon such terms, and at such rate of interest, not exceeding five per centum per annum, as shall be deemed for the best interests of said city, and secure the same by issuing bonds of said city, signed by the mayor and clerk, and sealed with the seal of said city, which shall be made of such denominations respectively, and payable at such times as said common council shall determine. Said bonds shall be sold at public auction, at not less than par, and the moneys so borrowed on the sale of said bonds shall be paid to the city treasurer, and by him placed to the credit of the board of education of said city, and paid out only on the order or draft of such board, for the purposes aforesaid, in carrying into effect the provisions of this act.

Sec. 2. The common council of said city shall raise such amount of money by tax upon the taxable property of said city as shall be sufficient to pay the principal and interest of said bonds as the same shall become due and payable, which amounts so to be levied and collected shall be in addition to the amount that is now or shall be authorized to be raised for other purposes by law.

After its passage, and on or about July 27, 1886, the board of education caused a certificate to be served on the common council, in which it was certified " that for the purposes in said act mentioned, to wit, to erect a public school building in said city, procure the

384    PEOPLE ex rel. BD. OF EDUCATION *v.* DAKIN.

THIRD DEPARTMENT, FEBRUARY TERM, 1887.

proper site therefor, and furnish said building, the proceeds of the bonds of the city of Hudson, of the par value of twenty-five thousand dollars, will be necessary and will be required by this board for the purposes aforesaid." Thereupon the common council of the city of Hudson, by a preamble and resolutions adopted on August 12, 1886, provided for the borrowing of the sum of $25,000 on the bonds of the city for that amount. On September 30, 1886, a public sale of such bonds was held at the court-house in the city of Hudson, upon which the said bonds brought, in addition to the sum of $25,000, their face value, a premium of $2,802.50. On September 30, 1886, the common council, by resolution, directed the city treasurer to pay to the board of education, out of the moneys realized by the above-mentioned sale of bonds, the sum of $25,000, " pursuant to the provisions of the act under which said bonds were sold ; and he is hereby directed to place the balance of the money realized by said sale in the general fund of the city." Thereafter, and on the 1st day of October, 1886, the board of education made a demand on the city treasurer for all of the moneys realized on the sale of the aforesaid bonds, " including the premium of two thousand eight hundred and two dollars and fifty cents, received at said sale (except the necessary expenses incurred by the common council in preparing bonds and making such sale)." This demand Mr. Dakin, the city treasurer, refused to accede to. It was to compel him to pay the amount in question that this proceeding was brought.

*Cady & Hoysradt*, for the appellant.

*John V. Whitbeck*, for the respondent.

LANDON, J.:

The amount the common council could lawfully borrow could not exceed $25,000. The amount the board of education could lawfully certify could not exceed the sum the common council could lawfully borrow, and was, therefore, limited to $25,000. The common council was empowered to secure the sum thus borrowed by issuing the bonds of the city bearing interest at the rate of not more than five per centum per annum. Bonds to the amount of $25,000, of principal bearing five per cent interest, were issued and sold, and a premium of $2,802.50 was realized over the principal sum. The

act provides that "the moneys so borrowed on the sale of said bonds shall be paid to the city treasurer, and by him placed to the credit of the board of education," etc.   The certificate of the board of education called for the entire proceeds of the bonds.

Now "the moneys so borrowed on the sale of said bonds" was only the principal sum of $25,000.   The city offered for sale $25,000 of bonds, bearing five per cent interest.   The buyers bought them at such lower rate of interest as required them to pay to the city the sum of $2,802.50, to make good to the city the difference between the two rates.   Because of its good credit the city has had this amount of interest which it has agreed to pay already returned to it.   It is not money borrowed to build a school-house, but the excess of interest promised over and above the interest required. This construction makes the entire loan a lawful one; if not adopted, it would be difficult to justify the city in not stopping the sale of its bonds when the total of $25,000 was reached.   The premium thus becomes the property of the city, as the incident or profit of a lawful transaction.   (*People* v. *Ingersoll*, 58 N. Y., 1.) The certificate of the board of education could have no force except within the terms of the power to make it.

The order awarding the *mandamus* must be reversed, but without costs.

Learned, P. J., and Mayham, J., concurred.

Order reversed and motion denied, without costs.